# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 04-840

**STATE OF LOUISIANA**

**VERSUS**

**JOHN JOSEPH NORMAND**

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NUMBER 269,958
HONORABLE GEORGE C. METOYER, PRESIDING

************

**SYLVIA R. COOKS**
**JUDGE**
************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Michael G. Sullivan, Judges.

**CONVICTION AFFIRMED;**
**SENTENCE VACATED;**
**REMANDED FOR RE-SENTENCING.**

T. Gerald Henderson, ADA
P.O. Box 1472
Alexandria, Louisiana 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

Pamela S. Moran
Louisiana Appellate Project
P.O. Box 840030
New Orleans, Louisiana 70184-0030
(504) 286-8697
COUNSEL FOR DEFENDANT/APPELLANT:
    John Joseph Normand

**COOKS, Judge.**

## STATEMENT OF THE FACTS

On June 26, 2003, a Rapides Parish grand jury indicted John Joseph Normand, age thirty-eight, for oral sexual battery, a violation of La.R.S. 14:43.3. The victim was a thirteen year old boy, C.L. C.L. testified he met Normand through his older brother. Normand began picking up C.L. at his home. The two traveled to Natchitoches for the light festival and to Chucky Cheese restaurant to eat and play games. Normand also took the boy to his home where he spent the night on a mattress on the floor in the living room. C.L. testified on two or three occasions Normand "started giving massages and kissing on me and stuff like that." C.L. testified Normand kissed his genitals and made C.L. massage and touch Normand's genitals. According to C.L., on the last visit to Normand's home, Normand served him "spiked" Koolaid and he passed out. C.L. testified he was afraid to tell his mother of the abuse because Normand told him not to tell anyone what was going on. C.L. eventually told a neighbor, Salina Ganey. The police were notified, and Normand was arrested.

On March 10, 2004, a jury found Normand guilty of oral sexual battery, a violation of La.R.S. 14:43.3. Normand was sentenced to seven years at hard labor, with three of the seven years suspended. The trial court placed Normand on probation after his release from prison and ordered a psychiatric evaluation. Normand appeals urging the trial court erred in denying his pre-trial and post-trial motions for appointment of a sanity commission. For the reasons assigned below, we affirm the conviction of the Defendant but remand for re-sentencing.

## ERRORS PATENT

After a review of the record, we find one error patent on the face of the record.

The penalty provision for oral sexual battery provides for imprisonment, with or without hard labor, and without benefit of probation, parole or suspension of sentence, for not more than ten years. La.R.S. 14:43.3(C). The trial court suspended three of Defendant's seven-year sentence and placed him on probation when he was not authorized to do so. Therefore, we vacate the Defendant's sentence and remand for re-sentencing.

## SANITY COMMISSION

The Defendant argues the trial court erred in denying his pre-trial and post-trial requests for appointment of a sanity commission.

Louisiana Code of Criminal Procedure Article 641 provides, in relevant part:

> Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense.

Louisiana Code of Criminal Procedure Article 643 provides, in relevant part:

> The court shall order a mental examination of the defendant when it has reasonable grounds to doubt the defendant's mental capacity to proceed. Prior to the ordering of any such mental examination, the court shall appoint counsel to represent the defendant if he has not already retained counsel.

The appointment of a sanity commission "is not a perfunctory matter or a ministerial duty of the trial court nor is it guaranteed to every accused in every case." *State v. Nix,* 327 So.2d 301, 323 (La.1975); *State v. Sepulvado*, 93-2692 (La. 4/8/96), 672 So.2d 158. The burden of proof lies with the defendant. The defendant must show "by a clear preponderance of the evidence reasonable grounds for the trial judge to believe he is mentally deficient." *State v. Cyriak*, 96-661, p.8 (La.App. 3 Cir. 11/6/96), 684 So.2d 42, 47. Moreover, "[t]he fact that the defendant's capacity to proceed is called into question does not, for that reason alone, require the trial court to order a mental examination of the defendant." *State v. Lott*, 574 So.2d 417, 424

3

(La.App. 2 Cir.), *writ denied*, 580 So.2d 666 (La.1991), *affirmed after remand*, 27,849 (La.App. 2 Cir. 4/3/96), 671 So.2d 1182. The trial court has great discretion in ruling on a determination of competency, and its decision will not be overturned on appeal absent an abuse of discretion. *State v. Comeaux*, 514 So.2d 84 (La.1987); *State v. Lowenfield*, 495 So.2d 1245 (La.1985).

The basis for the Defendant's assertion of mental incapacity is a verbal tirade made in open court by Normand. Normand accused several individuals of lying about him and sabotaging his life. Additionally, Normand complained about lack of contact with his attorney, Blaine Williams. He accused his attorney of having videotapes in his law office. Normand also announced he was filing a complaint against his lawyer with the bar association. Normand claimed he was a street preacher in New Orleans and he cautioned "D.A.'s in California and in Florida . . . are watching this." The trial court questioned Normand regarding the charge against him and explained the State's burden of proof. Following a dialogue with Normand, the trial court denied the motion for a sanity commission. The issue arose again after trial and prior to sentencing, the motion was again denied. The trial court, in denying the motion, stated "[a]ll the law requires is that Mr. Normand understand the procedures and processes against him and that he's able to assist in his own defense."

Other than the tirade in open court, Normand asserts no other evidence that he "presently lacks the capacity to understand the proceedings against him or to assist in his defense" as required by La.Code Crim.P. art. 641. His trial attorney presented no medical evidence of mental incapacity. The dialogue with the Defendant indicates he was fully aware of the significance of the proceedings against him. Accordingly, we find this assignment of error without merit.

**DECREE**

Based on the foregoing review of the record, we affirm the conviction of John

4

Joseph Normand.  We vacate his sentence and remand for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RE-SENTENCING.**