# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1574


STATE OF LOUISIANA

VERSUS

DAVID PAUL GUIDRY


************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-1146-07
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2775
Monroe, Louisiana 71207-2775
(318) 387-6124
COUNSEL FOR DEFENDANT/APPELLANT:
    David Paul Guidry


Michael C. Cassidy
District Attorney – Thirty-First Judicial District
Stacey C. Naquin, Assistant District Attorney
Post Office Box 1388
Jennings, Louisiana 70546-1388
(337) 824-1893
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On June 27, 2007, the Defendant, David Paul Guidry, was charged with simple rape, a violation of La.R.S. 14:43, sexual battery, a violation of La.R.S. 14:43.1, and molestation of a juvenile, a violation of La.R.S. 14:81.2. On June 25, 2008, the Defendant entered a plea of no contest to the charge of sexual battery in exchange for the dismissal of the remaining charges. The Defendant was sentenced on October 23, 2008, to serve ten years at hard labor, with all but seven years suspended, and to serve the remainder of his sentence without benefit of parole, probation or suspension of sentence. The Defendant did not make or file a motion to reconsider sentence.

The Defendant is now before this court on appeal, asserting that his sentence is excessive. For the following reasons, we vacate the Defendant's sentence and remand the case to the trial court for resentencing.

## FACTS

The following facts were elucidated at the Defendant's "no contest" plea hearing and at his sentencing. On February 27, 2007, the sixteen-year-old victim, the daughter of the Defendant's girlfriend, was staying in the Defendant's home. The Defendant was forty years old at the time. The victim was ill and was taking the medication, Phenergan, which made her drowsy. Some time between 3:00 and 4:00 a.m., the victim was vomiting in the bathroom, and the Defendant began rubbing her stomach while they were in the bathroom. The Defendant then moved the victim to the sofa where he removed her pants and inserted his finger into her vagina. After the incident occurred, the Defendant instructed the victim not to tell anyone and that it was their "little secret."

1

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

The trial court suspended a portion of the Defendant's sentence pursuant to his guilty plea on the charge of sexual battery which is prohibited by the sexual battery statute. The trial judge sentenced the Defendant to imprisonment at hard labor for ten years and "suspend[ed] all but seven (7) years of that sentence and order[ed] that [the Defendant] serve the remainder without benefit of parole, probation, or suspension of sentence." The penalty provision for sexual battery provides for imprisonment with or without hard labor, *without benefit of parole, probation, or suspension of sentence*, for not more than ten years. La.R.S. 14:43.1.

In *State v. Normand*, 04-840 (La.App. 3 Cir. 12/15/04), 896 So.2d 98, *writ denied*, 05-231 (La. 5/6/05), 901 So.2d 1094, the trial court imposed a seven-year sentence, suspended three years of that sentence, and placed the defendant on supervised probation for an offense which required a sentence of no more than ten years without benefit of probation, parole, or suspension of sentence. This court recognized the error, vacated the defendant's sentence, and remanded for resentencing.

In the present case, since the trial court suspended a portion of the Defendant's sentence in contravention of the sentencing provisions of the sexual battery statute, we find that the trial court imposed an illegally lenient sentence. Consequently, we vacate the Defendant's sentence and remand the case to the trial court for resentencing. Because we vacate the Defendant's sentence and remand the case for

2

resentencing, we pretermit addressing the Defendant's claim of excessive sentence.

## DISPOSITION

The Defendant's sentence is vacated, and we remand the case to the trial court for resentencing.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**