**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**09-1043**

**STATE OF LOUISIANA**

**VERSUS**

**DAVID PAUL GUIDRY**

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON DAVIS, NO. CR-1146-07
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Stacey C. Naquin, Assistant District Attorney**
**Office of the District Attorney, 31ˢᵗ JDC**
**P. O. Box 1388**
**Jennings, LA 70546**
**Counsel for Appellee:**
        **State of Louisiana**

**Peggy Sullivan, Attorney at Law**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**Counsel for Defendant-Appellant:**
        **David Paul Guidry**

**PAINTER, Judge.**

Defendant, David Paul Guidry, appeals his sentence on his conviction for sexual battery, alleging that it is unconstitutionally harsh and excessive in light of the circumstances. For the reasons that follow, we affirm the sentence of seven years at hard labor to be served without the benefit of probation, parole, or suspension.

## FACTUAL AND PROCEDURAL BACKGROUND

In *State v. Guidry*, 08-1574, p. 1 (La.App. 3 Cir. 6/3/09), 11 So.3d 728, 728-29, a previous appeal in this case, we stated the facts as follows:

> The following facts were elucidated at the Defendant's "no contest" plea hearing and at his sentencing. On February 27, 2007, the sixteen-year-old victim, the daughter of the Defendant's girlfriend, was staying in the Defendant's home. The Defendant was forty years old at the time. The victim was ill and was taking the medication, Phenergan, which made her drowsy. Some time between 3:00 and 4:00 a.m., the victim was vomiting in the bathroom, and the Defendant began rubbing her stomach while they were in the bathroom. The Defendant then moved the victim to the sofa where he removed her pants and inserted his finger into her vagina. After the incident occurred, the Defendant instructed the victim not to tell anyone and that it was their "little secret."

On June 27, 2007, Defendant was charged with simple rape, a violation of La.R.S. 14:43; sexual battery, a violation of La.R.S. 14:43.1; and molestation of a juvenile, a violation of La.R.S. 14:81.2. He entered a plea of no contest to sexual battery in exchange for the dismissal of the remaining charges. Defendant was sentenced to serve ten years at hard labor, with all but seven years suspended, and to serve the remainder of his sentence without benefit of parole, probation, or suspension of sentence.

Defendant subsequently appealed his sentence. On June 3, 2009, this court in *Guidry*, 11 So.3d 728, found that LA.R.S. 14:43.1 prohibited the suspension of a sentence for sexual battery. As such, we found that Defendant received an illegally lenient sentence, vacated that sentence, and remanded the case to the trial court for resentencing. Defendant was resentenced on June 29, 2009, to serve seven years at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant's motion to reconsider sentence was denied in open court on July 27,

1

2009. Defendant is now before this court on appeal, asserting that his sentence is excessive. We disagree and affirm the sentence.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After a thorough review of the record, we find that there is one error patent.

The trial court gave Defendant erroneous advice as to the time period for filing post-conviction relief. At resentencing, the trial court stated, in pertinent part: "[Y]ou have two (2) years from today to apply for any post-conviction relief on account of this plea."

According to La.Code Crim.P. art. 930.8, the prescriptive period for filing post-conviction relief is two years, and it begins to run when a defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. Consequently, the trial court is hereby instructed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

*Excessiveness of Sentence*

In his sole assignment of error, Defendant argues that his sentence is excessive in light of the circumstances. In his motion to reconsider his sentence, Defendant did not set forth a specific ground upon which his motion was based as required by La.Code Crim.P. art. 881.1(E). Defendant stated only that his sentence was excessive. As such, Defendant is relegated to a bare claim of excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993).

In *State v. Semien*, 06-841, pp. 11-12 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, 1197, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, this court stated:

2

The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183,] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 first two alterations in original.

The maximum possible sentence for sexual battery is ten years, without benefit of parole, probation, or suspension of sentence, and the sentence may be imposed with or without hard labor. La.R.S. 14:43.1. As such, Defendant received a near maximum sentence. Defendant, however, received a significant benefit as a result of his plea agreement which reduced his sentencing exposure from a total sentence of forty-five years to ten years.

The nature of the offense committed, the first *Lisotta* factor to consider, was particularly heinous. Defendant was forty years old at the time of the offense and was the boyfriend of the sixteen-year-old victim's mother. The victim was exceptionally vulnerable as she was sick and taking medication that made her drowsy. Rather than

caring for the ill victim, Defendant used the opportunity to sexually abuse the victim who was not fully capable of fending off his advances. Defendant was arrested when his now ex-girlfriend reported that he had raped her daughter. When he was questioned about the allegation following his arrest, Defendant stated that he could not remember what happened because he had been drinking and using cocaine all day on the day of the incident.

The victim impact statement of the victim's mother indicated that the victim has suffered and is still suffering as a result of the offense. The victim now attends weekly counseling sessions, she angers easily, and she no longer trusts anyone. Her grades have dropped in school, her relations with her classmates have become strained, and she no longer wants to attend school.

At sentencing, the trial court addressed the second factor in *Lisotta*, the nature of Defendant. The trial court observed that Defendant was forty-two years old, married, and the father of two teenage sons, ages fourteen and fifteen, from a previous long-term relationship. Defendant graduated from high school in 1984, was a self-taught pipe welder certified for the past eighteen years, and was gainfully employed. He attempted to enter the Army but was not able to enlist due to a knee injury which subsequently required surgery.

Defendant first used alcohol at age fifteen and marijuana at eighteen years of age. Defendant was diagnosed with bipolar disorder and depression and has attempted suicide while under the influence of illegal substances. Defendant did not have a juvenile criminal history and had only one misdemeanor offense, driving while intoxicated, to which he pled guilty on September 19, 2008. He was sentenced to ninety days in the parish jail, suspended, and placed on one year of supervised probation. The present offense was his first felony offense.

Lastly, the jurisprudence was reviewed for similar sentences imposed for similar crimes, the third factor in *Lisotta*. In *State v. Brannon*, 07-431 (La.App. 3 Cir. 12/5/07), 971 So.2d 511, *writ denied*, 07-2465 (La. 5/9/08), 980 So.2d 689, the defendant was sentenced to seven years at hard labor, without the benefit of parole,

on four convictions of sexual battery, the sentences to be served concurrently. He was also sentenced to twelve years at hard labor on eight convictions of molestation of a juvenile, and the sentences were also ordered to be served concurrently and concurrently with his sentences for sexual battery. In affirming the defendant's sentences, the court noted that although the defendant was a first felony offender, he was a teacher that betrayed the trust of the children and their parents and the trust of his fellow teachers.

In *State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201, the defendant was sentenced to two consecutive terms of ten years at hard labor for two sexual battery convictions. The defendant did not appeal the length of his sentences but alleged, instead, that his sentences should have been ordered to run concurrently. The defendant was the live-in boyfriend of the minor victims' mother who, on multiple occasions, touched the victims beneath their clothing and on their pubic, breast, and buttocks areas with his hand.[1] His sentences were affirmed on appeal.

In *State v. Badeaux*, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, *writ denied*, 01-2965 (La. 10/14/02), 827 So.2d 414, the court affirmed the forty-nine-year-old defendant's maximum consecutive sentences for sexual battery and indecent behavior with an eight-year-old juvenile. On appeal, the court noted the trial court's reliance on the aggravating factors, including the severity of the crime, the vulnerability of the young victim, and the use of the defendant's position as an adult neighbor to commit the offense. The court rejected the defendant's argument that his status as a first felony offender with a history of mental illness should mitigate against the maximum sentences. Also, the court found that the trial court adequately justified the imposition of consecutive sentences for offenses arising from one course of conduct.

---

[1]The ages of the defendant and victims were not stated in the case.

In *State v. Toups*, 546 So.2d 549 (La.App. 1 Cir. 1989), the defendant was sentenced to eight years for the sexual battery of a five-year-old child who was the daughter of his girlfriend. The child testified that the defendant had touched her "private place" and forced her to rub his private place. Although the defendant had no prior felony convictions, his near maximum sentence was affirmed.

Considering the jurisprudence and facts of the instant case, we find that the trial court did not abuse its discretion when imposing the near maximum sentence. As noted in *Badeaux*, 798 So.2d 234, 239, "the jurisprudence indicates that maximum, or nearly maximum[,] terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile." In the instant case, Defendant was in a position of trust, as an adult and the boyfriend of the victim's mother.

Lastly, the record reflects that the trial court articulated the mitigating and aggravating factors considered in determining Defendant's sentence as required by La.Code Crim.P. art. 894.1. Accordingly, we find that Defendant's sentence should be affirmed.

## DECREE

For all of the foregoing reasons, Defendant's sentence of seven years at hard labor without the benefit of probation, parole, or suspension of sentence on the conviction of sexual battery is affirmed. The trial court is hereby instructed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

6