LOBRANO, Judge.
A.V. was charged by petition in juvenile court with violations of LSA-R.S. 14:27 and 14:42, attempted aggravated rape, and LSA-R.S. 14:60, aggravated burglary. After an adjudication hearing, the juvenile was found not guilty on the aggravated burglary charge and was adjudicated a delinquent after being *1244 found guilty of attempted simple rape, a violation of LSA-R.S. 14:27 and 14:43. He was given a two year suspended sentence and two years probation.[1] This sentence is to be reviewed in July 1994. A.V. now appeals.
There are two issues presented by this appeal. First, does the rule of State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), which requires a defendant to object to a responsive verdict unsupported by the evidence in order to preserve that issue for appeal, apply in a non-jury trial, and, second is the evidence sufficient to convict on the crime charged?
On June 16, 1993,'at approximately 11:30 a.m., fourteen year old N. (Nikky) S. was at her house alone when she received a visit from sixteen year old A.V. Nikky and A.V. offered completely different versions of what happened thereafter.
According to Nikky, she was at home alone on that day preparing to mop the kitchen floor. She went outside to the laundry room to get a mop and bucket. When she came back inside, she realized that she had left the key to the laundry room outside. She went outside to get the key and saw A.V. in her carport. Nikky stated that she had known A.V. for three or four years. They spoke for a few minutes. As Nikky stopped to lock the hlaundry room door, A.Y. went into the house uninvited and locked the door behind him. Nikky knocked on the door for several minutes until A.V. opened the door and let her inside the house. Nikky stated that she told A.V. to leave but he refused. A.V. pinched Nikky and then pushed her onto the sofa and started trying to take her shorts off. He told her that he was not leaving her house until she had sex with him. Nikky claimed that she was struggling to keep her shorts on while A.V. kept asking her if she was ready to have sex. During this struggle, the zipper on Nikky’s shorts broke. These shorts were introduced into evidence at the hearing. She stated that she kicked him twice in the groin and he punched her on her left leg. Nikky testified that A.V. threatened to kill her if she kicked him again. After Nikky kicked A.V. the second time, she got away from him and ran to the kitchen to get a knife. While she was running to the kitchen, A.V. ran out of the house.
According to A.V., he called Nikky on the morning of June 16, 1993 and told her that he was going to stop by her house later that day. He claimed that he went to her house and she answered the door with her shorts unzipped. They talked for a few minutes and Nikky allegedly told him that he either had to leave or come inside the house so that the neighbors would not see that she was entertaining a boy at her house which she was not allowed to do when her parents were not at home. A.V. went in the house and sat down on the sofa and watched television. He claims that he playfully pinched Nikky while she was trying to take the remote control away from him. A.V. claimed that Nikky sat on his lap and held his hand and that they started talking about sex. He stated that they both got on the floor and started fondling each other through their clothing. According to A.V., Nikky told him that she bet that he could not get her shorts off. He pulled on her shorts and as he started to get her shorts off, she kicked him in the groin. He claimed that he reflexively hit her with his right hand. ■ AN. claimed that she kicked him only once and that he left the house immediately. He claimed that Nikky never told him to leave or to stop touching her.
On appeal, the defendant argues that the juvenile court judge erred in finding him guilty of a crime listed as a responsive verdict under LSA-C.Cr.P. art. 814 where the state failed to prove each element of the crime beyond a reasonable doubt. Under article 814, the responsive verdicts to attempted aggravated rape include: 1) guilty, 2) guilty of I «attempted forcible rape, 3) guilty of attempted simple rape, and 4) not *1245 guilty. The judge found defendant guilty of attempted simple rape.
Although attempted simple rape is a responsive verdict to a charge of attempted aggravated rape, it is not a lesser included offense. The State concedes that the evidence presented at the adjudication hearing does not support a verdict of attempted simple rape. However, the State contends that the verdict was proper because the defendant failed to object to the trial court’s consideration of the responsive verdict of attempted simple rape, citing La.C.Cr.P. Art. 814(C) and State ex rel. Elaire v. Blackburn, supra.
In State v. Dauzat, 392 So.2d 393 (La. 1980), the Louisiana Supreme Court pointed out that there are some responsive verdicts to certain crimes listed in C.Cr.P. art. 814 which are not lesser included offenses of those crimes. The court stated that when an essential element of the lesser crime for the which the defendant is found guilty is not an essential element of the greater crime charged and the evidence only establishes the elements of the greater crime, the conviction for the lesser crime must be reversed.
However, in State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959,103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), the court modified the Dauzat holding citing the 1982 amendment to C.Cr.P. art. 814(C) which, at that time, stated in pertinent part:
“Upon motion of the state or the defense, the court may, in its discretion, exclude a responsive verdict listed in Subarticle A if after all the evidence has been submitted there is no evidence to establish that responsive verdict.”[2]
The court in Elaire held that if a defendant fails to make a contemporaneous objection to a responsive verdict on the grounds that the evidence does not support that verdict, he is precluded from successfully arguing that issue on appeal if the reviewing court finds that the Levidence presented would have supported a conviction on the offense charged. State ex rel. Elaire v. Blackburn, supra at p. 251.
Interestingly, in 1984 the Louisiana Supreme Court decided State v. Henry, supra, ftn. 2. In that case, the trial court on its own motion, refused to instruct the jury as to a statutory responsive verdict because there was no evidence to support it. Relying on the contemporaneous objection rule and citing Elaire, the Supreme Court held that since defendant’s objection was “unspecified” he was precluded from raising the error on appeal. However, the court went on to state that even if the objection was valid, State v. Dauzat, supra, supported the trial court’s discretionary call to exclude the responsive verdict from consideration because the evidence was insufficient to support it. That rationale seems to raise confusion as to whether Dauzat is still applicable even where an objection is raised. And, although seemingly dicta, it poses a philosophical contradiction. On the one hand, lack of sufficient evidence supports a trial judge’s own motion to exclude a responsive verdict, despite defendant’s objection; while on the other hand, where a trial judge allows a responsive verdict, a defendant cannot complain on appeal about the same lack of evidence unless he does object to it. Both instances are detrimental to the defendant.[3]
Despite this dilemma, we find that the holding of Elaire is applicable to a non-jury case. Because the legislature has provided for various responsive verdicts that are not necessarily lesser included offenses, the following reasoning of Elaire convinces us its holding is appropriate.
*1246 “It would be unfair to permit the defendant to have the advantage of the possibility that a lesser ‘compromise’ verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence did not support the responsive verdict to which he failed to object.” Elaire at pp. 251, 252.
Because the defendant in this case did not move to exclude the responsive verdict of attempted simple rape from consideration by the trial court, we hold he cannot | scomplain now of insufficient evidence to support it. His conviction can be affirmed if the evidence is sufficient to support the crime charged. We now address that issue.
In determining the sufficiency of evidence, this court must view the evidence in the light most favorable to the prosecution and decide whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia) 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
LSA-R.S. 14:42 defines aggravated rape, in pertinent part, as rape “where the anal or vaginal intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances: (1) when the victim resists the act to the utmost, but whose resistance is overcome by force ...” An attempt is defined in R.S. 14:27 as having the specific intent to commit a crime and doing or omitting an act for the purpose of and tending directly toward the accomplishing of this object.
The State presented the testimony of the victim, Nikky S., who stated that the defendant entered her house uninvited, pinched her and pushed her onto a sofa. He then tried to pull her shorts off while she struggled to keep them on and repeatedly told him to leave the house. During the course of the struggle, the zipper on her shorts broke. Defendant told her that he was not leaving the house until she had sex with him. When she kicked him in the groin twice during the struggle, he hit her and threatened to kill her if she kicked him again. Nikky broke away from the defendant and he ran out of the house. The State also introduced the shorts with the broken zipper into evidence.
The defense presented defendant’s testimony that he was invited into Nikky’s house and that both of them willingly fondled each other through their clothing. He claimed that she invited him to try to remove her shorts and then kicked him in the groin when he started to do so. He stated that she never told him to leave or to stop touching her. He claimed that he left the house immediately after Nikky kicked him once.
A rational trier of fact, believing the victim’s testimony and rejecting the defendant’s, could have found that defendant was guilty of the crime of attempted aggravated rape. Thus, because the evidence supports the crime charged and absent, an | (¡objection by the defendant to the responsive verdict, there is no error by the trial court in finding the defendant guilty of attempted simple rape.
In his second assignment of error, the defendant argues that the juvenile court judge erred in denying his motion for directed verdict made after the close of the State’s case. Defendant claims that the State failed to prove beyond a reasonable doubt that he used force on the alleged victim or that she resisted to the utmost, both elements of the crime charged, i.e. attempted aggravated rape. For the reasons discussed above, we disagree. The evidence, viewed in the light most favorable to the prosecution, is sufficient to prove attempted aggravated rape beyond a reasonable doubt.
For these reasons, we affirm the adjudication of A.V. as a delinquent and his sentence for his conviction of attempted simple rape.
ADJUDICATION AND SENTENCE AFFIRMED.
PLOTKIN, J., dissents with reasons.

. The record in this case was lodged on January 7, 1994. According to defense counsel, the delinquent juvenile was sentenced on January 21, 1994. Although the appeal record does not in-elude any minute entry regarding this sentence, the State has not challenged defense counsel’s description of the sentence.

. In 1985 Article 814(C) was amended again, supposedly to incorporate the results of Elaire and State v. Henry, 449 So.2d 486 (La.1984), and the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard for sufficiency of evidence. It now provides:
"Upon motion of the state or the defendant, or on its own motion the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.”

. In the first scenario, the defendant is deprived of the benefit of the possibility of a lesser "compromise” verdict. In the second scenario, he is convicted of a responsive verdict that is not supported by the evidence.