STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1004

STATE OF LOUISIANA

VERSUS

ADAM LLOYD JETER

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62,343
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.

**Don M. Burkett**
**District Attorney**
**Anna Louise Garcie**
**Assistant District Attorney**
**P. O. Drawer 1557**
**Many, LA 71449**
**Telephone: (318) 256-6246**
**COUNSEL FOR:**
	**Plaintiff/Appellee - State of Louisiana**

**Ansel Martin Stroud, III**
**Tutt, Stroud & McKay, LLC**
**920 Pierremont Road - Suite 308**
**Shreveport, LA 71106**
**Telephone: (318) 868-6633**
**COUNSEL FOR:**
	**Defendant/Appellant - Adam Lloyd Jeter**

**THIBODEAUX, Chief Judge.**

Defendant, Adam Lloyd Jeter, appeals his bench trial conviction for attempted simple rape, a violation of La.R.S. 14:43 and 14:27, on the basis of insufficiency of the evidence. He was originally charged with the crime of attempted forcible rape. Attempted simple rape is a responsive verdict of attempted forcible rape. For the following reasons, we affirm.

## LAW AND DISCUSSION

Defendant first asserts that the evidence submitted did not sustain the responsive verdict of attempted simple rape. Simple rape is defined as:

> [A] rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:
>
> > (1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause and the offender knew or should have known of the victim's incapacity.
>
> > (2) When the victim is incapable, through unsoundness of mind, whether temporary or permanent, or understanding the nature of the act and the offender knew or should have known of the victim's incapacity.
>
> > (3) When the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender.

La.R.S. 14:43.

When discussing the sufficiency of the evidence, the standard of review is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude, beyond a reasonable doubt, that there was proof

of each element of the crime. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979).

The victim testified that she was home alone with her baby son when Defendant, a family friend, dropped by to visit her and the baby's father, who was out of town at the time. She stated that they sat on the couch for a few minutes talking, then Defendant began acting strangely. He asked her if she had a bra on and who was she f—king while her boyfriend was away. She told him to shut up or leave. He then jumped up and started pacing and smoking, acting very nervously. He laughed and told her that he always desired to have sex with her and that she ought to submit. Suddenly, he pushed her down on the couch and began choking her. He told her to be quiet and to just lie there. He grabbed at her thighs and squeezed her breast. The victim eventually struggled out from under him and fought back. She stated: "I couldn't believe a guy had attacked me like that because you know, I've always thought I was so strong. I just felt like–you know, he just took, you know, all my strongness out." However, she said she continued to strike him with her fists until she got him to the door and pushed him out. She locked the door, then called the police.

The trial court found Defendant guilty of attempted simple rape.

The testimony as given at trial does not support a charge of attempted simple rape. However, the evidence is sufficient to support the charged offense, attempted forcible rape. It has been a long-standing position in Louisiana jurisprudence that in the case of a responsive verdict, a reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the responsive verdict returned by the trier of fact. *State v. Savoy*, 08-716 (La.App. 3 Cir. 12/10/08), 999

2

So.2d 285. Attempted simple rape is a statutory responsive verdict to attempted forcible rape. *See* La.Code Crim.P. art. 814(A)(11).

Defendant was charged with attempted forcible rape. In pertinent part, forcible rape is defined as: "When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape." La.R.S. 14:42.1(1). Louisiana's attempt statute, La.R.S. 14:27, provides in pertinent part:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

In his reply brief, Defendant asserts that the elements of the charged offense were not sufficiently established. He argues that the victim's testimony was insufficient to sustain the charged offense of attempted forcible rape. He supports this assertion on the fact that the victim admitted that several months after the incident which resulted in the charge of attempted forcible rape, she discussed with Defendant's mother the possibility of receiving fifteen thousand dollars in exchange for her dropping or reducing the charge. In brief, Defendant argues that this admission "colors her testimony about the events occurring at her trailer on the morning of August 6, 2006. It very well could have been the basis for the judge's ruling."

It is well-settled jurisprudence that the testimony of a single witness, absent internal contradictions or irreconcilable conflicts with physical evidence, is sufficient to support a conviction. The credibility of the witness is a matter of weight of the evidence, not sufficiency, and determination of the credibility is left to the trier-of-fact's sound discretion and will not be re-weighed on appeal. *State v. F.B.A.*, 07-

3

1526 (La.App. 3 Cir. 5/28/08), 983 So.2d 1006, *writ denied*, 08-1464 (La. 3/27/09), 5 So.3d 138. The testimony was sufficient to support a conviction for the charged offense. Defendant told the victim she should have sex with him. He pushed her down on the couch, choked her, and squeezed her breast, while telling her to be quiet. Defendant's actions indicated he desired to have sexual intercourse with the victim and he used force in an attempt to accomplish the act.

Furthermore, Defendant did not object at trial to the consideration of the responsive verdict as required by La.Code Crim.P. art. 841. In *State ex rel. Elaire v. Blackburn,* 424 So.2d 246 (La.1982), *cert. denied,* 461 U.S. 959, 103 S.Ct. 2432 (1983), the Louisiana Supreme Court held that defendants must object at the trial to the legislatively authorized responsive verdicts in order to raise a claim of insufficiency on appeal. The reasoning behind the supreme court's decision was to prevent defendants from purposefully not objecting to the inclusion of a responsive verdict, then arguing the verdict should be set aside because the evidence did not support the responsive verdict.

While Defendant admits that there was no objection made to the responsive verdict of attempted simple rape at trial, he argues that the contemporaneous objection rule was not applicable in this case because it was a judge trial and not a jury trial. See La.Code Crim.P. art. 841 which provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." He states that "[i]n this bench trial, the court did not instruct itself. There was no charge conference. The first mention of the responsive verdict was in the court's cursory ruling."

Defendant argues:

Unlike the procedure in a jury trial, counsel did not have an opportunity to review any proposed verdict form and there

4

was no charge conference. The legislatively enacted responsive verdict was never mentioned by either party. Counsel did provide the district court with an opportunity to address the issue; which as discussed above, it did. Here, there was no opportunity to object before the verdict and once it was entered, it acted as an immediate barrier to any reconsideration of the charged offense under the double jeopardy clause of the United States and State of Louisiana Constitutions. La.C.Cr.P. art. 598A.

In brief, the State cites *State in Interest of A.V.*, 94-42 (La.App. 4 Cir. 5/26/94), 637 So.2d 1243, wherein a juvenile was charged with attempted aggravated rape, but was found guilty by the judge of attempted simple rape. The juvenile did not object at trial to the judge's option to impose the responsive verdict. On appeal, the juvenile argued that the evidence did not sustain a conviction for attempted simple rape. The State argued that because he did not object to the legislatively authorized responsive verdict, he was precluded from raising the issue on appeal. The fourth circuit held that *Elaire* was applicable to non-jury trials, stating:

> Because the legislature has provided for various responsive verdicts that are not necessarily lesser included offenses, the following reasoning of *Elaire* convinces us its holding is appropriate.
>
> > "It would be unfair to permit the defendant to have the advantage of the possibility that a lesser 'compromise' verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence did not support the responsive verdict to which he failed to object." *Elaire* at pp. 251, 252.
>
> Because the defendant in this case did not move to exclude the responsive verdict of attempted simple rape from consideration by the trial court, we hold he cannot complain now of insufficient evidence to support it. His conviction can be affirmed if the evidence is sufficient to support the crime charged.

*Id.* at 1245-46.

5

Defendant argues in his reply brief that he did not "tacitly acquiesce" in the trial court considering the responsive verdict in the first place. He argues that "the State would require him to have immediately objected to the guilty verdict of attempted simple rape even though there had been no charge conference, no discussions of any such charge and no argument by either party that such verdict would have been appropriate for consideration."

Although attempted simple rape is not a lesser and included grade of the offense of attempted forcible rape, it is a legislatively authorized responsive verdict. Louisiana Code of Criminal Procedure Article 814(A)(11) provides:

> A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
>
> . . . .
>
> 11.   Attempted forcible rape:
>
> Guilty.
>
> Guilty of attempted simple rape.
>
> Not guilty.

Furthermore, La.Code Crim.P. art. 820 provides that "[a]ll provisions of this Chapter regulating the responsiveness and effect of verdicts shall apply to cases tried without a jury." In *State v. Armant,* 97-1256, p. 11 (La.App. 5 Cir. 5/27/98), 719 So.2d 510, 515, *writ denied*, 98-1884 (La. 11/20/98), 729 So.2d 3, and *writ denied*, 98-1909 (La. 11/20/98), 729 So.2d 4, the fifth circuit stated:

> The trial judge in a bench trial is not required to give reasons in support of his verdict, nor is he required even to charge himself on applicable law, since he is presumed to know it. *State v. Pizzalato*, 93-1415 (La.App. 1st Cir. 10/7/94), 644 So.2d 712, 714, *writ denied*, 94-2755 (La. 3/10/95), 650 So.2d 1174. The proper method of preserving for appeal the issue of whether the trial court has correctly informed itself of the legal principles

6

applicable to the case is to request the judge to charge himself before the verdict as to a disputed issue of law and to object to it if incorrect or if the trial court refuses to give the special charge. La.C.Cr.P. arts. 781, 841; *State v. Reeves,* 342 So.2d 605, 608 (La.1977); *State v. S.P.*, 608 So.2d 232 (La.App. 5th Cir. 1992).

On the morning Defendant was scheduled for a jury trial, he elected to be tried by the bench. Had Defendant continued with the jury trial, the trial court was obligated to "give the jury a written list of the verdicts responsive to each offense charged, with each separately stated." La.Code Crim.P. art. 809. Defense counsel cannot say that he was unaware of the trial court's option to impose the responsive verdict and, therefore, Defendant should not be held to the contemporaneous objection rule. This was precisely the situation *Elaire,* 424 So.2d 246, sought to prevent. This argument is meritless.

Finally, Defendant argues that once the trial court acquitted him of the charge of attempted forcible rape, it is double jeopardy for this court to consider the charged offense when determining whether there was sufficient evidence of the charged offense to support a conviction for the responsive verdict of attempted simple rape.

Double jeopardy is defined, in pertinent part, as "[n]o person shall be twice put in jeopardy of life or liberty for the same offense." La.Code Crim.P. art. 591. Defendant does not offer any support for this assertion or explain exactly how the consideration of the charged offense violates his right against double jeopardy. Moreover, this court is not considering the sufficiency of the charged offense for the purpose of reimposing the charge, but to determine whether the responsive verdict was a valid verdict.

Accordingly, there is no merit to this argument.

7

## ERROR PATENT

The minutes erroneously state that the bench trial commenced on March 9, 2009, instead of March 10, 2009. Consequently, we instruct the trial court to amend the minutes of court to accurately reflect the March 10, 2009 date.

## CONCLUSION

We affirm Defendant's conviction. Further, we instruct the trial court to amend the minutes of court to reflect the bench trial commenced on March 10, 2009.

**AFFIRMED.**