STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-231


STATE OF LOUISIANA

VERSUS

LARRY BROUSSARD, JR.
AKA LARRY JAMES BROUSSARD, JR.
AKA LARRY J. BROUSSARD, JR.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 58613
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**REVERSED; JUDGMENT OF ACQUITTAL ENTERED.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Larry Broussard, Jr.**

**Keith A. Stutes**
**District Attorney**
**Lafayette Parish**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**J. N. Prather, Jr.**
**Assistant District Attorney**
**100 N. State St., Suite 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**EZELL, Judge.**

On December 15, 2014, Larry Broussard, Jr., was charged by Bill of Information with failure to register as a sex offender, a violation of La.R.S. 15:542.1.4. A jury trial commenced on October 15, 2015, following which the jury found Defendant guilty as charged. Defendant was sentenced on December 17, 2016, to fifteen years at hard labor without the benefit of parole, probation, or suspension of sentence. The sentence was ordered to be served consecutively with the two-year sentence imposed on the same date in trial court docket number 56662.[1] Defendant has perfected a timely appeal, wherein he asserts the following assignments of error:

> 1. The evidence introduced at the trial of this case, when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard, was insufficient to prove, beyond a reasonable doubt, all of the elements of the charged offense.

> 2. The trial court erred in failing to correctly and sufficiently instruct the jury as to the law necessary for the jury to evaluate the evidence and render a proper verdict in the case, thereby denying Appellant of his right to a fair trial as guaranteed to him by both the Constitution of the United States and the Louisiana Constitution.

> 3. The State's opening and rebuttal arguments improperly misled the jury as to the law applicable to the case, to the detriment of Appellant, thereby denying Appellant of his right to a fair trial as guaranteed to him by both the Constitution of the United States and the Louisiana Constitution.

> 4. Counsel's representation of Appellant fell below that guaranteed by the Sixth Amendment as she failed to object to the deficiencies in the instructions given to the jury as to the applicable law of the case and failed to object to the State's improper argument both in its opening statement and rebuttal argument.

> 5. The trial court erred in denying the defense's challenge for cause of potential juror Leger.

---

[1]Defendant was convicted of aggravated flight from a police officer on August 5, 2015, under trial court docket number 56662. Defendant has appealed the conviction under this court's docket number 16-230.

We find that there is merit to Defendant's assignment of error number one, which requires this court to vacate the convciction of failure to register as a sex offender, second offense. The remaining assignments of errors are therefore moot.

**FACTS**

On July 21, 1999, Defendant pled guilty to one count of sexual battery, a violation of La.R.S. 14:43.1. The victim was eighteen years old at the time of the offense. Defendant was sentenced to five years, suspended, eighteen months in the parish jail, four years of supervised probation, and ordered to register as a sex offender. The sentence was ordered to run concurrently with sentences imposed under three other trial court docket numbers: 34686, 33597, and 33565. Defendant's initial sex offender registration date was February 12, 2001.

On April 3, 2007, Defendant pled guilty to failure to report "on or about January 7, 2004 through April 8, 2004," a violation of La.R.S. 15:542.1.4. He was sentenced to five years at hard labor. The sentence was ordered to run concurrently with a sentence imposed in lower court docket number 44744, but consecutive to another sentence.

On or about April 8, 2014, a deputy with the Vermilion Parish Sheriff's Office, Susan Hebert, sent a "Notice Sex Offender and Child Predator Registry & Notification" to Defendant where he then was incarcerated. The notice advised Defendant that upon release from incarceration, he was to comply with the sex offender requirements in August 2014. The notice also stated that the next reporting date was in February 2015. Upon release, Defendant did not report in August 2014.

On August 28, 2014, a registered letter sent to Defendant at the address he listed where he could be located once he bonded out of jail, reminding him of the

requirement to report in August, was returned to sender as unclaimed. Defendant was charged by Bill of Information on December 15, 2014, with failure to register, a violation of La.R.S. 15:542.1.4. An Amended Bill of Information was filed on March 23, 2015, for failure "to register, periodically renew and update registration, provide proof of residence or notification of change of address or other registration information, or provide community notification as required," second offense.

## ASSIGNMENT OF ERROR NUMBER ONE

In this assignment, Defendant argues that the evidence given to the jury was not only insufficient but incorrect and misleading. At trial, the State insisted, the witness testified, and the trial court instructed the jury that Defendant was required to register as a sex offender for twenty-five years and report to the applicable agency twice a year.

For a defendant who was convicted of sexual battery of a victim who was not a minor, as in the present case, the sex offender registration duration period is fifteen years, and the defendant is required to report and update information annually on the date of the initial registration. The applicable law pertaining to sex offender registration and notification is as follows:

Louisiana Revised Statutes 15:544(B)(2), in pertinent part, provides:

A. Except as provided for in Subsection B of this Section, a person required to register and provide notification pursuant to the provisions of this Chapter shall comply with the requirement for a period of fifteen years from the date of the initial registration in Louisiana, or the duration of the lifetime of the offender as provided in Subsection E of this Section, unless the underlying conviction is reversed, set aside, or vacated. The requirement to register shall apply to an offender who is pardoned.

B. (1) A person required to register pursuant to this Chapter who was convicted of a sexual offense against a victim who is a minor as defined in R.S. 15:541 shall register and maintain his registration and provide community notification pursuant to the provisions of this

3

Chapter for a period of twenty-five years from the date of initial registration in Louisiana, or the duration of the lifetime of the offender as provided in Subsection E of this Section, unless the underlying conviction is reversed, set aside, or vacated.

Furthermore, La.R.S. 15:542.1.1(A), in pertinent part, provides:

A. (1) Any person convicted of an aggravated offense as defined in R.S. 15:541 or any person with a prior conviction or adjudication for an offense which requires registration pursuant to this Chapter, regardless of whether or not the prior offense required registration at the time of commission or conviction, who is subsequently convicted of or adjudicated for an offense which requires registration pursuant to the provisions of this Chapter, shall renew and update his registration required by R.S. 15:542 in person every three months from the date of initial registration.

(2) Any person convicted of a sexual offense against a victim who is a minor as defined in R.S. 15:541 shall renew and update his registration required by R.S. 15:542 in person every six months from the date of initial registration.

(3) Any other person subject to registration as provided in R.S. 15:542 shall update his registration in person annually from the date of initial registration.

**Insufficient Evidence**

Defendant argues that he was not required to report on or about October 1, 2014, (which was the date listed in the amended bill of information), after he bonded out of jail in April 2014. Defendant argues that the State failed to meet its burden of proving all the elements of failure to report and notify as required by La.R.S. 15:542 and failed to prove that the provisions of La.R.S. 15:544(E) had not lapsed or was not applicable to Defendant. Accordingly, Defendant argues the evidence was insufficient to sustain the verdict of failure to register, second offense.

In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier-of-fact that all of the elements of the crime have been proven beyond a reasonable

doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Additionally, when circumstantial evidence forms the basis of the conviction, the evidence, "assuming every fact to be proved that the evidence tends to prove . . . must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; see *State v. Jacobs*, 504 So.2d 817, 820 (La.1987) (all direct and circumstantial evidence must meet the *Jackson v. Virginia* test); *State v. Porretto*, 468 So.2d 1142, 1146 (La.1985) (La. R.S. 15:438 mandates that "all evidence both direct and circumstantial, must be sufficient under *Jackson* to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.").

In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Jones*, 97-2591, p. 7 (La.App. 4 Cir. 9/8/99), 744 So.2d 165, 169. The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witness. Thus, the reviewing court may impinge on the fact-finder's discretion only to the extent necessary to guarantee the fundamental due process of law. *State v. Harris*, 02-1589, p. 4 (La.5/20/03), 846 So.2d 709, 713, *citing State v. Mussall*, 523 So.2d 1305, 1310 (La.1988).

*State v. Watts*, 09-912, pp. 21-22 (La.App. 4 Cir. 6/16/10), 41 So.3d 625, 640-41, *writ denied*, 10-1685 (La. 1/28/11), 56 So.3d 966 (alteration in original).

At trial, prior to bringing the jury into the courtroom, the following conversation ensued among the trial court, the State, and defense counsel:

YOUR HONOR: I need to know whether or not his requirement is to register for 15, 25, or a lifetime?

MR. PRATHER: Twice a year for 25.

YOUR HONOR: Twenty-five? So is it an offense against a minor?

MR. PRATHER: I want to say that's the - -

MS. DE MAHY: What's this? For the purpose of an inquiry?

YOUR HONOR: For preliminary instructions, I'm to read the law. So 1544 [sic] provides the duration of registration which will be read to the jury. So the duration is either 15, 25, or lifetime.

5

MS. DE MAHY:  Since it's not evidence yet, I would just - - I mean, I hate to put them through that.  I just think we have to read the whole thing.

YOUR HONOR:  It's the law.  They have - - I have to read the statute.

MS. DE MAHY:  Well, no.  But rather than reading them just the 15, I would rather you just read the whole statute, because it's not - - unless we have part of the record or something that shows or something that's been put into evidence that shows what his tier level is and his requirement - -

YOUR HONOR:  I mean, it's going to read, "A person required to register as a sex offender or child predator shall register and maintain his registration for a period of blank years."

MR. PRATHER:  Twenty-five.

MS. DE MAHY:  Do we have something that's already in the record?  That's what I'm saying.  I'm not trying to be difficult.  I'm just - - that's part of what the State's burden is, is to prove his registration requirement.  So if we're reading that the registration requirement is so many years, they're not having to prove anything about how long he has to register.

YOUR HONOR:  They would have to prove - -

MS. DE MAHY: They have to prove that he has to register and what registration requirements he has.

YOUR HONOR:  So he's telling me that he falls under Tier 2, which is 25 years.

MS. DE MAHY:  Who's telling you?

YOUR HONOR:  The State is telling me, the one who brought the charge that's listed on the Bill of Information.  And I'm reading the law as it's provided on the Bill of Information, the statute, right?

MR. PRATHER:  Correct.

YOUR HONOR:  Okay. So it will read, "A person required to register under this section as a sex offender or child predator shall register and maintain his registration for a period of 25 years after the day on which the person was released from prison, placed on probation, supervised release, or probation for a conviction giving rise to the requirement to register." Any objection to that question Ms. De Mahy?  I'm assuming, Mr. Prather you don't have an objection - -

6

MR. PRATHER:  No objection.

YOUR HONOR:  - - so you want to note an objection?

MS. DE MAHY:  I noted my objection on the record, Your Honor, my previous objection.

Accordingly, prior to opening statements by the State and defense counsel, the trial court instructed the jury as to the sex offender registration and notification law that "[a]ny person required to register shall update his registration annually or twice a year as required by law, on the anniversary of the initial registration, with the appropriate law-enforcement officials."  The trial court further instructed the jury that "[a] person required to register under this section as a sex offender or a child predator shall register and maintain his registration for a period of twenty-five years after the date on which the person was released from prison, placed on parole, supervised release, or probation for a conviction giving rise to the requirement to register."  During its opening statement, the State further advised the jury that Defendant failed to meet his biannual registration date after he was given a document telling him that he was "supposed to be back and register on such-and-such date and in six months you're supposed to be back and register again, because he has a 25-year registration requirement as a result of the conviction of the Sexual Battery."

Susan Hebert, a deputy with the Vermilion Parish Sheriff's Office, testified that Defendant was convicted in 1999 of sexual battery.  She stated that as a sex offender he is required to register and update the registration bi-yearly for twenty-five years.  She testified that he was convicted of failure to report as required in 2007.  She testified that on April 8, 2014, she took a registration and notification letter to wherever Defendant was in jail at the time, notifying him that he had to

7

report in August 2014. August and February would be correct if he was required to report twice yearly, as she testified his initial registration date was on February 12, 2001. Deputy Hebert stated that in September 2014, she sent a registered letter to the address Defendant provided on the April registration and notification letter, 202 Tenth Street, Gueydan, Louisiana, but the letter came back as "Return to Sender." She stated she attempted to contact him by phone at the number in his record to no avail. She said she called his mother, and she did not have a good telephone number for him. Deputy Hebert also stated that when she took the April registration and notification letter to Defendant, she did not know if he was in compliance with the sex offender registration and notification requirement at that time.

Gerald Trahan, a deputy with the Vermilion Parish Sheriff's Office, testified that one of his duties was to make compliance checks on registered sex offenders. Deputy Trahan testified that in 2010, he went to the address Defendant listed as his address on the April 2014 registration and notification letter and located Defendant at that address. He then testified that "[a]fter that point is where I was contacted and tried to contact Mr. Broussard again and was unable to reach Mr. Broussard at his home."

Defendant argues that the jury did not have the correct information in which to determine on what date he was required to report and whether he failed to report on that date.

**Analysis**

Defendant argues the evidence presented on that issue was insufficient precisely because the jury was given the incorrect law to apply to the alleged offense. The only evidence was Deputy Hebert's testimony, and her testimony

8

was inconsistent and irreconcilable. Defendant notes in brief that it is not a matter of reweighing the credibility of the witness. "[T]he testimony of a single witness, absent internal contradictions or irreconcilable conflicts with physical evidence, is sufficient to support a conviction." *State v. Jeter,* 09-1004, p. 3 (La.App. 3 Cir. 4/7/10), 33 So.3d 1041, 1043. Defendant argues "that [Deputy Hebert's] testimony is internally inconsistent as she testified that the last tier (tier three) was all sexual offenses that do not include minors or the ones that were required to register for life – or was minors to a certain age, yet she testified that Appellant was a tier two reporter, requiring twice a year reporting, despite testifying that the victim of the sexual battery was eighteen years old and was not a minor." A minor in the case of sexual battery for the purpose of the sex offender registration law is defined as a victim under the age of eighteen. La.R.S. 15:541(25)(a).

**Conclusion**

We find that the evidence was insufficient to establish that Defendant was required to report to the appropriate sex offender registration agency twice yearly, in August and in February. Defendant was not convicted of sexual battery of a minor. According to the witness, Deputy Hebert, Defendant's initial registration date was in February and he was required to register and report in August and February; however, she also testified that the victim was not a minor and did not explain what circumstances required Defendant to report twice yearly. We note that in response to allegations made in Defendant's appellate brief, the State still did not explain why Defendant was required to register for twenty-five years and report biannually. The State argues only that Defendant "offered neither testimony nor documentary evidence to refute any of the evidence presented by the State." The only evidence presented by the State was Deputy Hebert's testimony, and her

9

testimony was internally contradictory and irreconcilable with the facts of the sexual battery offense. *See State v. Jeter*, 33 So.3d 1041. She testified Defendant was classified in the same tier as a sex offender whose victim was a minor, yet she testified the victim was not a minor.

The best evidence regarding Defendant's duration and notification requirements, in this case, would have been the sex offender's registration contract pursuant to La.R.S. 15:543.1. While Defendant was not required to at the time he was convicted in 1999, he would have been required to sign a contract after the sex offender registration law was amended in 2007, possibly after he was convicted of failure to register, first offense. The contract was never introduced into evidence. Even the trial court was confused. When the trial court inquired about how many years Defendant was required to register and was told twenty-five years, the trial court asked, "Twenty-five? So is it an offense against a minor?" There was never an explanation given at trial which supported the State's assertion. We have thoroughly reviewed the Sex Offender Laws and have found nothing that would permit or require an enhancement or increase in the duration period of the registration and notification obligation for Defendant.

Defendant's remaining assignments of error are moot.

### DECREE

For all of the above reasons, Larry Broussard, Jr.'s conviction and sentence are reversed and set aside and a judgment of acquittal is entered in Defendant's favor.

**REVERSED; JUDGMENT OF ACQUITTAL ENTERED.**