714 So.2d 780 (1998)
STATE of Louisiana, Plaintiff-Appellee,
In the Interest of L.D.L., Jr., Defendant-Appellant.
No. CR97-1634.
Court of Appeal of Louisiana, Third Circuit.
April 29, 1998.
*781 Robert Richard Bryant, Jr., Lake Charles for State.
Jeff E. Slade, for L.D.L., Jr.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
The juvenile's counsel seeks to withdraw from this case as counsel of record pursuant to the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). For the following reasons, we deny defense counsel's motion to withdraw and instruct him to brief the nonfrivolous issues as discussed herein.
Counsel has moved to withdraw, suggesting there are no nonfrivolous issues to be raised on appeal. In his brief, counsel states that he has complied with the procedures outlined in Anders, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, as interpreted by Benjamin, 573 So.2d 528. This court sent a copy of counsel's brief to the juvenile and his mother on January 13, 1998, and we gave the juvenile and his mother until February 12, 1998 to file a supplemental pro se brief. As of this date, neither the juvenile nor his mother has filed a supplemental brief with this court.
The supreme court clarified the requirements of an Anders brief in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241. The court affirmed its general endorsement of Benjamin, but emphasized that:
[T]he brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide, as did the advocate's brief in Mouton, "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place."
Id. at 242 (citation omitted).
The court expounded on this holding by stating:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the *782 evidence presented to the jury for its consideration.
Id. at 241 (citation omitted).
Appellate counsel's brief in the present case does not comply with the requirements of Jyles.
As per Benjamin, 573 So.2d at 530, we have performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the petition which serves the same function as a bill of information and the pertinent transcripts contained in the appellate record.
A petition was filed on August 11, 1997, to declare the juvenile a juvenile delinquent and to revoke his probation based upon the charges of simple robbery and aggravated battery. The assistant district attorney signed the petition. The State charged the juvenile with simple robbery which is defined by La.R.S. 14:65 as taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon. In the petition the State alleged that the pit bull dog was the "force or intimidation" but not a dangerous weapon. The State then alleged that the pit bull dog was used to commit aggravated battery which is defined by La.R.S. 14:34 as a battery committed with a dangerous weapon. Counsel for the juvenile failed to file a motion to quash or to otherwise object to the inconsistency in the petition. We find counsel should brief whether this inconsistency should be addressed on appeal absent a contemporaneous objection or pretrial motion.
At the conclusion of the adjudication hearing, the judge presiding over the adjudication hearing, Judge Woody Thompson, found the juvenile committed aggravated battery and unauthorized use of a movable. The State had charged the juvenile with committing simple robbery, and unauthorized use of a movable is not a responsive verdict for simple robbery. La.Code Crim.P. art. 814A(24). We find counsel should have addressed the error patent that the verdict returned on one count is not responsive to the original charge.
As for the aggravated battery adjudication, counsel for the juvenile should address the issue of whether a dog can be a "dangerous weapon" used to commit aggravated battery and, if so, whether the State proved beyond a reasonable doubt that the juvenile used his dog as a dangerous weapon. We recognize this appears to be a res nova issue in Louisiana; however, in United States v. Condren, 18 F.3d 1190, 1193, n. 8 (5th Cir.1994), the Fifth Circuit held that under Anders counsel for the defendant has an affirmative duty to advise the court of any nonfrivolous issues including an issue of first impression, or res nova issue.
At the disposition hearing, counsel for the juvenile objected that another judge, Judge Billy Ezell, would be presiding and imposing disposition since he did not preside over the adjudication hearing and Judge Thompson was familiar with the case. The issue of whether it is proper for a judge who has not heard the evidence to render a disposition in a juvenile matter should be addressed by counsel for the juvenile.
The juvenile was ordered committed to the custody of the Department of Public Safety and Corrections, pending further orders, until his eighteenth (18th) birthday. Counsel for the juvenile is ordered to brief the issue of whether La.Ch. Code art. 903(A) requires the trial judge to orally pronounce a separate sentence or disposition for each adjudication as is required in criminal prosecutions by La. Code Crim.P. arts. 871(A) and 879.
At the conclusion of the disposition hearing, the judge failed to give the juvenile notice of the time limit for filing a post conviction relief application. Counsel is ordered to address this error patent.
The record reflects that this juvenile was previously adjudicated a delinquent and placed on probation. That adjudication was based on charges of simple burglary and misdemeanor illegal possession of stolen things. In the present case, the trial court revoked the juvenile's probation and found *783 the juvenile in contempt of court. The trial court also imposed a disposition for each of the crimes charged in this adjudication and for the two crimes charged in the original adjudication. Counsel for the juvenile shall brief whether this constitutes a double jeopardy violation.
Accordingly, by separate order this date, we order appellate counsel to file a new appellate brief in compliance with Jyles, address the above issues, and any other issues counsel chooses to raise.
Counsel's motion to withdraw is denied.
MOTION TO WITHDRAW DENIED; BRIEFING ORDERED.

ORDER
After consideration of the Motion to Withdraw as Attorney of Record filed by counsel for the juvenile, L.D.L., Jr., and the appeal presently pending in the above captioned matter,
IT IS HEREBY ORDERED that appellate counsel file a new appellate brief in compliance with State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, within twenty-five (25) days of this order, addressing the issues of: 1) whether the inconsistency in the petition alleging that the dog was a dangerous weapon used to commit an aggravated battery, but not a dangerous weapon used to commit simple robbery should be addressed on appeal absent a contemporaneous objection or pretrial motion; 2) the failure of the trial court to give notice as required by La. Code Crim.P. art. 930.8; 3) whether the adjudication of the juvenile as a delinquent for committing unauthorized use of a movable was proper since it is not a responsive lesser verdict for simple robbery, the crime the State charged the juvenile with committing; 4) whether La.Ch. Code art. 903(A) requires the trial judge to orally pronounce a separate sentence or disposition for each adjudication as is required in criminal prosecutions by La. Code Crim.P. arts. 871(A) and 879; 5) whether the trial court violated the constitutional and statutory prohibitions against double jeopardy by finding the juvenile in contempt of court for violating the conditions of his probation and imposing dispositions for two counts of contempt of court, and additionally imposing a disposition for each of the crimes, simple burglary and misdemeanor illegal possession of stolen things, that had lead to the juvenile's first adjudication and probation; 6) whether the trial court erred by overruling the juvenile's objection that the judge who presided over the adjudication hearing should have presided over the disposition hearing and imposed disposition and commitment, rather than another judge who was not familiar with the case; 7) whether a dog can be a "dangerous weapon"; 8) if so, whether the juvenile's dog was proven, beyond a reasonable doubt, to be a dangerous weapon for purposes of aggravated battery; and 9) any other issues counsel chooses to raise.
Appellee's brief shall be filed no later than forty-five (45) days from rendition of this opinion.