# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 06-922


**STATE OF LOUISIANA**

**VERSUS**

**DERICK DEWAYNE DAVIS**


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 277,943
HONORABLE DONALD JOHNSON, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Marc T. Amy and James T. Genovese, Judges.


**AFFIRMED, AS AMENDED.**


**James C. Downs, District Attorney**
**T. Gerald Henderson, Assistant District Attorney**
**P.O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**James E. Beal**
**Louisiana Appellate Project**
**P.O. Box 307**
**Jonesboro, LA 71251**
**(318) 259-2391**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Derick Dewayne Davis**

**COOKS, Judge.**

On June 8, 2005, the Defendant, Derick Dewayne Davis, was charged by bill of information with two counts of sexual battery, in violation of La.R.S. 14:43.1. A jury subsequently found Defendant guilty of both counts. Defendant was sentenced to two terms of ten years at hard labor, with the sentences to run consecutively.

At his sentencing hearing, Defendant made an oral motion to appeal his sentence. He is now before this court on appeal and alleges the following assignment of error:

> Two maximum sentences, each to be served consecutively with the other, constitutes [sic] an excessive sentence for this offender in this case, as the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence in this case.

For the following reasons, Defendant's sentences are affirmed, as amended.

## FACTS

The following facts were set forth at Defendant's jury trial. Between March 2005 and May 2005, Defendant, who was the live-in boyfriend of the victims' mother, on multiple occasions, had physical contact with the victims, K.M. and A.K.M.,[1] and committed at least two counts of sexual battery, in violation of La.R.S. 14:43.1. During this period, the victims, who were minors, resided with their mother on weekends. While the victims were asleep in the living room of their mother's house, Defendant would go into the living room, reach beneath the victims' clothing and touch the victims on their pubic, breast, and buttocks areas with his hand.

## ASSIGNMENT OF ERROR

In his assignment of error, Defendant contends that two maximum sentences, each to be served consecutively with the other, constitute an excessive sentence in this case, as the trial court failed to give sufficient consideration to mitigating factors in

_____

[1]Initials are used to protect the identity of the victims. La.R.S. 46:1844(W)(1).

fashioning a sentence in this case.

Defendant did not make an oral motion for reconsideration of his sentence, or file a written motion to reconsider his sentence. According to La.Code Crim.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59.

Although Defendant's sentencing claim is barred pursuant to La.Code Crim.P. art. 881.1, we will review Defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420. This court has reviewed claims regarding the consecutive nature of sentences using a bare claim of excessiveness analysis. *See State v. Vollm*, 04-837 (La.App. 3 Cir 11/10/04), 887 So.2d 664; *State v. Day*, 05-287 (La.App. 3 Cir 11/2/05), 915 So.2d 950.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was convicted of two counts of sexual battery, in violation of La.R.S. 14:43.1. For a sexual battery conviction, a defendant may be incarcerated, "with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." La.R.S. 14:43.1(C)(1).

In the instant case, the trial court stated its basis for imposing two consecutive maximum sentences, that it considered the Defendant's pre-sentencing investigation report, the class of offense, the nature of the offense, the seriousness of the offense, the manner in which the crimes were conducted, and Defendant's history.

With respect to the fact that the sentences are to run consecutively, La.Code Crim.P. art. 883 states, in pertinent part, "[i]f the defendant is convicted of two or more offenses based on the same act or transaction or which are part of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs otherwise." In *State v. Boros*, 94-453, 94-454 (La.App. 5 Cir.

11/29/94), 646 So.2d 1183, *writ denied,* 94-3148 (La. 5/12/95), 654 So.2d 347, after reaching a plea agreement, the court sentenced the defendant to two seven-year sentences for two counts of child molestation, to run consecutively. In *Boros*, the defendant's conduct giving rise to the charges occurred on multiple occasions, with two different victims, over a one-year period. In affirming the trial court's imposition of consecutive sentences, the appellate court stated: ". . . the bills of information allege offenses that occurred on different dates, at different locations and to two different juveniles. In cases such as defendant's, consecutive sentences are indicated under Article 883." *Id.* at 1189.

In the instant case, Defendant's conduct, while taking place at the same location, took place at different points in time and with different victims over a three-month period. Following the appellate court's logic in *Boras*, Defendant's sentences in the instant case are appropriate under La.Code Crim.P. art. 883.

Accordingly, the trial court did not abuse its discretion by sentencing the Defendant to two maximum sentences to be served consecutively.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note the trial court failed to deny eligibility for diminution of sentence in accordance with La.R.S. 15:537(A). That statute requires diminution of sentence be denied to a person who is convicted of or pleads guilty to a sex offense, including sexual battery, the instant offense. Recently, this court addressed this issue in *State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under

La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-392, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:

> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

*Id.* at 1247.

Therefore, we will amend Defendant's sentences for sexual battery to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537. The trial court is also instructed to note the amendment in the court minutes.

Lastly, the minutes of the jury's verdict and the minutes of sentencing are in need of correction. The minute entry reflecting the jury's verdict indicates Defendant was convicted of sexual battery. The minutes do not reflect that Defendant was found guilty of two counts of sexual battery, as charged in the bill of information. The verdict sheets signed by the jury, however, reflect Defendant was, in fact, convicted of two counts of sexual battery. Thus, the trial court is instructed to amend the minutes of the jury's verdict to correctly reflect that Defendant was convicted of two counts of sexual battery. The minutes of sentencing are also in need of correction. According to the transcript of sentencing, the trial court imposed a ten-year sentence on each count of sexual battery. The minutes of sentencing, however, fail to reflect that the sentence was imposed on each count. The trial court is instructed to amend the minutes of sentencing to correctly reflect that the trial court imposed the ten-year

sentence on each count of sexual battery.

**_____DECREE**

For the foregoing reasons, Defendant's sentences are amended to reflect that eligibility for diminution of sentence is denied pursuant to La.R.S. 15:537. The trial court is also instructed to make a notation in the court minutes reflecting this amendment. Additionally, the trial court is instructed to amend the minutes of the jury's verdict to correctly reflect that the Defendant was convicted of two counts of sexual battery. Lastly, the trial court is also instructed to amend the minutes of sentencing to correctly reflect that the trial court imposed the ten-year sentence on each count of sexual battery. In all other respects, Defendant's sentences are affirmed.

**AFFIRMED, AS AMENDED.**