NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-998

STATE OF LOUISIANA

VERSUS

JOHNNY RAY HAMILTON

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 16,844
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Phyllis M. Keaty, Judges.

AFFIRMED.

**Van H. Kyzar**
**District Attorney**
**Post Office Box 838**
**Natchitoches, Louisiana  71458-0838**
**(318) 357-2214**
**Counsel for Appellee:**
**State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana  70505-3733**
**(337) 237-6841**
**Counsel for Defendant/Appellant:**
**Johnny Ray Hamilton**

**KEATY, Judge.**

Defendant, Johnny Ray Hamilton, appeals his sentence as excessive. For the following reasons, we affirm.

## PROCEDURAL BACKGROUND

On June 30, 2010, Carolyn Roy and her granddaughter were in a parking lot in Natchitoches, Louisiana, when they were approached by Defendant who pulled out a knife while demanding Roy's purse. After Defendant took her purse, he ran away. Two bystanders who witnessed the incident chased Defendant and called the police. Defendant was subsequently arrested at his grandmother's house. As a result, Defendant was charged with armed robbery in violation of La.R.S. 14:64. A sanity commission was appointed on April 12, 2011, resulting in Defendant's being committed to the Eastern Louisiana Mental Health System on September 12, 2012. The trial court subsequently found Defendant competent to proceed at trial. Following a jury trial on February 3, 2014, Defendant was unanimously found guilty of armed robbery. Defendant was thereafter sentenced to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence, the maximum penalty under La.R.S. 14:64(B).

Defendant appeals, assigning only one assignment of error. Specifically, Defendant contends that the trial court's sentence was excessive considering that he is a paranoid schizophrenic, suffering from psychosis.

## DISCUSSION

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

## *Excessive Sentence*

In his only assignment of error, Defendant claims that the trial court erred in imposing an excessive sentence given his mental history of paranoid schizophrenia and psychosis. In opposition, the State contends that Defendant can be charged as a habitual offender under La.R.S. 15:529.1, and if adjudicated, he would be automatically ordered to serve a life sentence without the benefit of parole, probation, or suspension of sentence.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

At the outset, we note that no motion to reconsider sentence was filed although Defendant's counsel contemporaneously objected to the sentence as being excessive. This court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence was filed. *See State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201. Accordingly, we will review Defendant's claim as a bare claim of excessiveness.

The standard of review utilized in excessive sentence claims is as follows:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock

2

our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

. . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-14 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91.

Looking at the *Smith* factors, the crime in the instant case involved the threat of use of a deadly weapon against a woman and her eight-year-old grandchild. Although Defendant has some mental problems, he has multiple prior violent

felony convictions. The legislature intended to punish those who put society at risk. *Smith*, 846 So.2d 786.

Additionally, the maximum sentence for this armed robbery is not unusual for situations where an offender has multiple prior felonies. Specifically, in *State v. Douglas*, 389 So.2d 1263 (La.1980), the supreme court affirmed the defendant's ninety-nine-year sentence for armed robbery, noting that he had three prior felony convictions. Similarly, in *State v. Lagarde*, 07-123 (La.App. 5 Cir. 5/29/07), 960 So.2d 1105, *writ denied*, 07-1650 (La. 5/9/08), 980 So.2d 684, the fifth circuit affirmed the defendant's ninety-nine-year sentence for armed robbery, noting that he was a career criminal with two prior felony convictions.

During the sentencing hearing in the instant case and after noting that it had received documentation regarding Defendant's mental illness, the trial court made the following finding regarding his criminal history:

> Hamilton has been convicted of eight adult felony offenses; all violent and against the person. Hamilton committed three counts of Simple Robbery, with offense dates of November 8, 19[9]3 and November 10, 1993. He was convicted on March 2, 1994 classifying him as a first offender, felony offender. Hamilton committed two counts of first degree robbery, with an offense date of January 11, 2002 and a conviction date of June 12, 2002 classifying him as a second felony offender. Hamilton committed aggravated second degree battery with an offense date of August 5, 2002 and a conviction date of June 3, 2004 classifying him as a third felony offender. He committed attempted battery of a correctional employee with an offense date of March 8, 2007 and a conviction date of September 4, 2007 classifying him as a fourth felony offender. Hamilton committed armed robbery, which is in the present case, with an offense date of June 30, 2010 and a conviction date of February 5, 2014 classifying him as a fifth felony offender.

The trial court then gave a detailed explanation of its findings with regard to the sentencing guidelines under La.Code Crim.P. art. 894.1, discussing factors such as knowingly creating a risk of death or great bodily harm to multiple people,

4

threatening to kill the victim, and the ongoing mental effect of the crime on both Roy and her granddaughter.

Although the trial court noted that Defendant would be a "fifth felony offender" if he were adjudicated a habitual offender, La.R.S. 15:529.1 only recognizes up to fourth felony offenders. That distinction, however, is somewhat irrelevant as Defendant would be subject to a life sentence without benefit of parole, probation, or suspension of sentence if adjudicated as either a third or fourth felony offender given his prior convictions. *See* La.R.S. 15:529.1(A)(3)(b) and La.R.S. 15:529.1(A)(4)(b).

Considering the seriousness of an armed robbery offense in general, the seriousness of the armed robbery offense committed in the instant case, and Defendant's prior criminal history, we find that the trial court did not abuse its discretion by the sentence it imposed. The trial court acknowledged Defendant's history of mental illness but found that his multiple prior felonies, which are all categorized as violent crimes under La.R.S. 14:2, coupled with his eligibility for a mandatory life sentence without benefit of parole, probation, or suspension of sentence if adjudicated under La.R.S. 15:529.1, warranted the imposition of a maximum sentence.

**DECREE**

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.