# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 19-239

STATE OF LOUISIANA

VERSUS

JAVONTA JERMEL HARRISON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, 24557-14
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**BILLY H. EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, John E. Conery, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.**

**John Foster DeRosier**
**District Attorney – Fourteenth Judicial District**
**Karen C. McLellan**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR APPELLANT:**
    **Javonta Jermel Harrison**

**Ezell, Judge.**

Defendant, Javonta Jermel Harrison, was indicted on September 18, 2014, for aggravated burglary, a violation of La.R.S. 14:60; aggravated rape, a violation of La.R.S. 14:42; armed robbery, a violation of La.R.S. 14:64; and armed robbery with the use of a firearm, a violation of La.R.S. 14:64.3.[1] He originally pled not guilty, but he changed his plea to not guilty by reason of insanity. A sanity and competency hearing began on November 9, 2016, and concluded on December 14, 2016. After hearing the testimony of three physicians, the trial court determined Defendant was competent to proceed to trial.

The State made minor amendments to the indictment on February 17, 2017, and Defendant maintained a plea of not guilty and not guilty by reason of insanity. A jury found Defendant guilty as charged on February 23, 2017. The trial court sentenced Defendant to the mandatory life sentence at hard labor without benefit of parole, probation, or suspension of sentence for aggravated rape; thirty years at hard labor for aggravated burglary; and ninety-nine years at hard labor for armed robbery, enhanced by an additional five years without benefit of parole, probation, or suspension of sentence because the armed robbery was committed with a firearm. The terms are to run concurrently with each other except the five-year term of enhancement is to run consecutively to the other sentences.

Defendant filed a motion for appeal on May 22, 2017. The trial court denied that motion without comment on May 25, 2017. Defendant filed a supplemental motion for appeal on August 2, 2018, and the trial court granted it.

---

[1] Aggravated rape is now known as first degree rape. The elements of the two crimes are the same.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. We grant the motion to withdraw and affirm Defendant's convictions and sentences.

## FACTS

The victim was in bed asleep in the early morning hours on August 15, 2014, when she felt someone get into bed with her. At first, she thought he was her boyfriend. However, when the man spoke, she realized the voice was of someone else. The man forced oral and vaginal sex on the victim at gunpoint and then placed the gun inside her vagina. He then placed the gun in the victim's mouth. Defendant told the victim "his name was Jermaine . . . ."

Defendant took the victim's debit card from her purse and demanded that she tell him the PIN. He was still armed with the gun. He had gained access to the victim's home by removing a window air conditioning unit. The victim's phone and the keys to her boyfriend's vehicle were found during a search of Defendant's residence. A video on Defendant's phone documented the rape.

Crime lab analysis showed Defendant's DNA in dried secretions taken from the victim's hand and in seminal fluid from the victim's vaginal swab. That analysis also showed the victim's DNA on the slide of the pistol found near Defendant at the time of his arrest.

Police who responded to the call found two individuals in the area dressed as the victim had described. One of them was Defendant. The officer found a black handgun next to the bicycle that was with the two men, and he also found a pink cell phone case. The other man with Defendant advised the officer Defendant told him he had sex with a female and took her cell phone. The victim identified

2

Defendant to the officer who arrested him, and she also testified at trial she was "[a] million percent sure" Defendant was her attacker.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we have found one error patent.

Defendant was advised that he has two years from the "date of the signing of the judgment" to file an application for post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8(A) (emphasis added) provides that "[n]o application for post-conviction relief . . . shall be considered if it is filed more than *two years after the judgment of conviction and sentence has become final* under the provisions of Article 914 or 922[.]" Therefore, we direct the trial court to correctly inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of the opinion and to file written proof in the record of the proceedings that Defendant received the notice. *State v. Barconey*, 17-871 (La.App. 3 Cir. 3/7/18), 241 So.3d 1046.

## ANALYSIS

Pursuant to *Anders*, 386 U.S. 738, Defendant's appellate counsel filed a brief stating he could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that

3

counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts, and have confirmed the statements by counsel. Defendant was properly charged in his indictment, he was present and represented by counsel at all crucial stages of the proceedings, the jury composition and verdict were correct, Defendant's sentences comply with the statutory sentencing range, and review of the transcripts in the record provide only frivolous issues for appeal.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308 (1983) and quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its

4

consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997). Thus, counsel's *Anders* brief must review the procedural history, the evidence presented at trial and "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177. Our review of the record shows counsel's brief to this court accurately recites the facts found therein. Defendant offered no witnesses and no evidence at trial. The record shows no non-frivolous issues regarding the sufficiency of the evidence submitted to convict Defendant.

Our review of the record also shows Defendant requested several challenges for cause that were denied. However, he used less than his allotted number of peremptory challenges in jury selection. Counsel made no substantive objections that the trial court overruled. Medical testimony at trial established Defendant was competent to stand trial and understood right from wrong at the time he committed these crimes.

Prior to trial, the judge notified the parties he had previously presided over a juvenile matter involving Defendant. Although defense counsel requested recusal of the judge, he admitted he had no statutory or codal provision to support the request. The trial judge denied the motion to recuse. Defendant could not make a non-frivolous argument on appeal concerning this issue.

Additionally, Defendant did not file a motion to reconsider his sentence. Ordinarily, the failure to seek reconsideration of a sentence precludes a defendant from raising the issue on appeal. La.Code Crim.P. art. 881.1. However, this court has reviewed sentences for bare excessiveness in the interest of justice even where

5

no motion for reconsideration is filed. *State v. Davis*, 06-922 (La.App. 3 Cir. 12/29/06), 947 So.2d 201.

Defendant received the maximum sentences for aggravated burglary and armed robbery and a mandatory life sentence for aggravated rape. Counsel made no objection to the sentences. Appellate counsel notes an error by the trial court regarding the two maximum sentences, if any at all, would be harmless because of the mandatory life sentence. Defendant has no non-frivolous grounds on which to appeal his sentences.

In short, our review of the record reveals no non-frivolous issues Defendant could raise on appeal. Accordingly, we grant counsel's motion to withdraw and affirm Defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.**